UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHENEZ LAWRENCE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil Action No. 20-14808 (SRC)<br><br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On February 26, 2008, this Court entered a judgment of conviction sentencing Petitioner, Shenez Lawrence, to 824 months imprisonment following his conviction of various charges related to the armed robbery of several banks. (Docket No. 06-309 at ECF No. 121). Petitioner filed an appeal, but the Third Circuit affirmed his conviction and sentence by way of an opinion issued on March 24, 2010. (Docket No. 06-309 at ECF No. 139-40). Petitioner thereafter filed a petition for certiorari which was denied on October 4, 2010. *Lawrence v. United States*, 562 U.S. 886 (2010).

2. Ten years later, on or about September 18, 2020, Petitioner submitted for filing his current motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 in which he seeks to challenge his conviction on the basis of alleged ineffective assistance of trial counsel. (ECF No. 1).

3. On October 23, 2020, this Court screened Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, and directed Petitioner to show cause why his motion should not be dismissed as untimely. (ECF No. 2). As this Court explained in that order,

Motions to vacate sentence are subject to a one year statute of limitations which in most cases, including this one, runs from the date on which the petitioner's conviction becomes final with the conclusion of direct review including a petition for certiorari. *See* 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final"); *Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999). Petitioner's one-year limitations period thus began to run on October 4, 2010, when his petition for certiorari was denied, and, absent some basis for equitable tolling, expired one year later on October 4, 2011. Thus, absent some basis for equitable tolling, Petitioner's current motion is time barred by approximately nine years.

Although the § 2255 limitations period is subject to equitable tolling where the facts of the matter so warrant, such tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

In his motion to vacate sentence, Petitioner argues only one basis for equitable tolling – that his trial and appellate attorney did not keep him up to date on the status of his direct appeal and did not explain to him the one year habeas limitations period, and did not respond to Petitioner's requests for updates which Petitioner sent over the following three to four years. (*See* ECF No. 1 at 13). Even if counsel's failure to explain the habeas limitations period and failure to respond to requests for updates could be considered an "extraordinary circumstance," a finding this Court need not and does not make at this time, Petitioner has failed in any way to show that he has been even excusably neglectful over the course of the ten years since the conclusion of his direct appeal, let alone that he was reasonably diligent. Petitioner has thus utterly failed to show that he is entitled to equitable tolling and his motion to vacate sentence appears to be well and truly time barred. *Thomas*, 713 F.3d at 174. Petitioner shall therefore be required to show cause within forty-five days why his motion should not be dismissed as time barred. Failure

>> to file a response to this order will result in Petitioner's motion being dismissed with prejudice as time barred.

(ECF No. 2 at 2-3).

4. On December 7, 2020, Petitioner, through counsel, filed a response to the Court's order to show cause. In that response, Petitioner presents two interrelated arguments. First, he argues that his motion should be considered timely as 28 U.S.C. § 2255(f)(4) would permit him to file within one year of the date on which the facts supporting his claims could have been discovered through the exercise of due diligence rather than one year of the conclusion of direct review. Second, he reiterates his argument, which this Court previously rejected in the Court's order to show cause, that he should be provided equitable tolling as he believes his appellate attorney essentially ignored him after filing his appeal and did not provide him with any updates even though he sent "letters . . . to him for at least 3-4 years" after the filing of the appeal.

5. Even if this Court assumes that Petitioner is correct in asserting that his appellate counsel essentially ignored him after the filing of Petitioner's appeal, and even if this Court in turn assumed this action amounted to an extraordinary circumstance sufficient to warrant tolling or give rise to an ineffective assistance of counsel claim, Petitioner would still be required under § 2255(f)(4) to show that his claims could not have been discovered through due diligence before September 18, 2019, or show that he exercised reasonable diligence in pursuing his claims to warrant equitable tolling in order to evade the habeas statute of limitations. 28 U.S.C. § 2255(f)(4); *Thomas*, 713 F.3d at 174. Petitioner has made neither showing.

6. Although Petitioner asserts that he sent letters for three or four years after his notice of appeal was filed, that would result in the last letter being sent sometime between 2012 and 2014, more than six years before this matter was filed. Even assuming that the sending of these letters amounted to Petitioner acting with reasonable diligence between 2010 and 2014, Petitioner has

presented nothing to suggest that he was in any way diligent between 2014 and the filing of this matter in September 2020.  Petitioner has likewise failed to present any evidence that he could not have discovered counsel's alleged deficiencies in relation to his appeal or criminal proceedings prior to September 2019.  Had Petitioner so much as requested a case search or contacted the Clerk's Office of either the Third Circuit or the Supreme Court, he could easily have discovered the adverse outcome of his appeals at any time after October 2010.  Petitioner does not allege that he sought information outside of the letters sent to counsel and thus has not shown minimal, let alone reasonable or due diligence.  Ultimately, Petitioner has done nothing to show that he was diligent throughout the ten year period between the conclusion of direct review and the filing of his motion to vacate sentence, and has thus failed to show that either § 2255(f) or equitable tolling should apply to this matter.  Petitioner's motion to vacate sentence is thus well and truly time barred, and will be dismissed with prejudice as such.  *Thomas*, 713 F.3d at 174.

      7.  Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas [matter] on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [Petitioner's § 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   As jurists

of reason would not debate that Petitioner's motion to vacate is clearly time barred, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

8. In conclusion, Petitioner's motion to vacate sentence (ECF No. 1) is DISMISSED WITH PREJUDICE as time barred, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

                                                                                      s/ Stanley R. Chesler
                                                         Hon. Stanley R. Chesler,
                                                         United States District Judge

Dated: December 8, 2020